# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES SCHWEITZER, | ) |
|     Plaintiff, | ) Case No. |
| | ) |
| v. | ) Judge |
| | ) |
| DIRECT ENERGY, LP, | ) |
| | ) |
|     Defendant. | ) |

## **NOTICE OF REMOVAL**

Defendant Direct Energy, LP, ("Direct Energy") by its attorneys, K&L Gates LLP, hereby removes the above-captioned action, Case No. 2020-03923, currently pending in the Bucks County Court of Common Pleas, to the United States District Court for the Eastern District of Pennsylvania. Removal is pursuant to 28 U.S.C. §§ 1441(a) and (c), 1446, and 1367(a). Direct Energy states as follows in support of its Notice of Removal:

1. This action was commenced on or about August 7, 2020, when plaintiff Charles Schweitzer ("Schweitzer") filed a complaint against Direct Energy in the Bucks County Court of Common Pleas, case number 2020-03923.

2. The complaint and summons were served on Direct Energy's legal department on August 11, 2018, in Houston, TX. Copies of all process, pleadings, and orders served upon Direct Energy are filed with this Notice. (Exhibit 1.)

3. In his complaint, Schweitzer alleges, in part, that Direct Energy placed calls to his cellular telephone using an automated telephone dialing system in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count One) and intentionally inflicted emotional distress (Count Two).

## Federal Question Jurisdiction

4. Because Schweitzer's alleged claim under the TCPA arises under federal law, this action could have been brought in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) (TCPA confers federal-question jurisdiction on United States district courts).

5. This Court has supplemental jurisdiction over Plaintiff's intentional infliction of emotional distress claim under 28 U.S.C. § 1367(a) because it is so related to the TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

## Compliance With Removal Statute

6. This Notice of Removal is timely in that it is filed within 30 days from the date Direct Energy was served with a copy of the Complaint. 28 U.S.C. § 1446(b), *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

7. Copies of all process, pleadings, and orders served upon Direct Energy are filed with this Notice. (Exhibit 1.)

8. Direct Energy will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

9. A copy of this Notice will be filed with the Prothonotary of the Bucks County Court of Common Pleas, as required by 28 U.S.C. § 1446(d).

Defendant demands trial by jury.

September 10, 2020                                  Respectfully submitted,

/s/Thomas R. DeCesar
Thomas R. DeCesar
PA #309651
K&L GATES LLP
17 N. 2nd Street, 18th Floor
Harrisburg, PA 17101
Phone: (717) 231-4500
Fax: (717) 231-4501
Thomas.DeCesar@klgates.com
*Counsel for Direct Energy, LP*

# CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2020, I caused a copy of the foregoing Notice of Removal to be served on the following by first-class mail:

>   Fred Davis, Esq.
>   Davis Consumer Law Firm
>   2300 Computer Road, Suite G39
>   Willow Grove, PA 19090

>   /s/Thomas R. DeCesar
>   Thomas R. DeCesar