# Exhibit 1



# Davis
## CONSUMER LAW FIRM

*Working For The People*

**Debt Defense, Unfair Debt Collection, Lemon Law, Defective Consumer Products**
WWW.USACREDITLAWYER.COM; TOLL-FREE:1-855-432-8475; EMAIL-fdavis@usacreditlawyer.com
**CORPORATE HEADQUARTERS: 2300 Computer Rd.- Ste G39, Willow Grove, PA 19090**
***Board Certified by the New Jersey Supreme Court as a Civil Trial attorney**
****Awarded "Rising Star" by Pennsylvania Superlawyer Magazine**

August 8, 2020

<u>*Sent by First Class and Certified Mail*</u>
DIRECT ENERGY, LP
12 Greenway Plaza-Suite 250
Houston, TX   77046-1211

**RE: Charles Schweitzer v Direct Energy, LP**
**Bucks County Court of Common Pleas Complaint enclosed**

Dear Sir/Madam:

Please accept the enclosed in accordance with Pennsylvania Rule of Civil Procedure 403. Please be advised also that a responsive pleading is due within twenty days of receipt of the complaint. Please contact me if you would like to discuss a resolution prior to filing your Answer. I can be reached by email or phone at the number listed above.

Given the procedural posture and 'age' of the case, I can tender a settlement demand of $20,000.00 inclusive of all fees and costs. At the present time I have flexible settlement authority, but this will diminish once more work is required. Kindly respond at your convenience but prior to the default deadline listed above. Please also refrain from any contact with Plaintiff or any third-parties regarding Plaintiff and instead communicate exclusively through my office.

Very Truly Yours,

Fred Davis, Esq.



## COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

CHARLES SCHWEITZER

vs.

DIRECT ENERGY LP

NO. 2020-03923

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Bucks County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: E Frederick EDWARD DAVIS IV, Esq., ID: 93907

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**   [ ] Yes   [X] No

**MDJ Appeal**   [ ] Yes   [X] No   **Money Damages Requested** [X]

**Commencement of Action:**   **Amount in Controversy:**

Complaint   More than $50,000

## Case Type and Code

Tort: _____

Intentional

**Other:** _____

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA 19020<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER.<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| CHARLES SCHWEITZER<br>533 Wicker Avenue<br>BENSALEM, PA<br>19020<br><br>*Plaintiff*<br><br>v.<br><br>DIRECT ENERGY, LP<br>12 Greenway Plaza-Suite 250<br>HOUSTON, TX<br>77046-1211<br><br>*Defendant* | COURT OF COMMON PLEAS<br>BUCKS COUNTY<br><br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**BUCKS COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**
Bucks County Bar Association
135 E. State St.
Doylestown, PA
18901
Phone: (215) 348-9413

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Bucks
135 E. State St.
Doylestown, PA
18901
Phone: (215) 348-9413

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Suite G39<br>WILLOW GROVE, PA 19020<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER.<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| CHARLES SCHWEITZER<br>533 Wicker Avenue<br>Bensalem, PA<br>19020<br><br>*Plaintiff*<br><br>v.<br><br>DIRECT ENERGY, LP<br>12 Greenway Plaza-Suite 250<br>Houston, TX<br>77046-1211<br><br>*Defendant* | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## **COMPLAINT**

1. Plaintiff, CHARLES SCHWEITZER, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 533 Wicker Avenue, Bensalem, PA, 19020.

2. Defendant, DIRECT ENERGY, LP, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 12 Greenway Plaza-Suite 250, Houston, TX 77046-1211. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4.     The TCPA (47 U.S.C. § 227 et seq) was enacted by Congress in 1991 in an attempt to curb the intrusive nature of certain previously unrestricted telemarketing calls.

5.     Among the provisions in the statute is a private right of action as follows: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State:

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions."

6.     The U.S. Supreme Court has also held that state courts retain jurisdiction over claims arising under 47 U.S.C. § 227 et seq. *See* Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

7.     Jurisdiction of this court arises from the fact that Defendant regularly conducts business in the State of Pennsylvania and in the County of Montgomery, and the complained of conduct was aimed at a resident of Norristown, Pennsylvania, and personal jurisdiction is therefore established.

8.     Venue is proper in MONTGOMERY COUNTY pursuant to Pennsylvania Rules of Civil Procedure §§ 1006 and 2179.

## PARTIES

9.     Plaintiff is a natural person residing in Bensalem, PA. Some/all of the Conduct at issue occurred in Bucks County, Pennsylvania and was repeatedly directed toward a resident of Bucks County, Pennsylvania.

10. Plaintiff is a "residential subscriber", in accordance with 47 U.S.C. § 227, as he is an individual who has contracted with a common carrier to provide telephone exchange service at a personal residence.

11. Defendant, DIRECT ENERGY, LP, is a "Seller", in accordance with 47 U.S.C. § 227, as it is the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging purchase or rental of, or investment in, property, goods, or services, which was transmitted to Plaintiff.

12. Defendant, DIRECT ENERGY, LP, is also a "Telemarketer", in accordance with 47 U.S.C. § 227, because it is the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Defendant embarked upon an intrusive phone call campaign to promote its energy marketing scheme. Plaintiff alleges and avers that Defendant made countless calls to Plaintiff for the express purpose of marketing its utility/energy scheme.

15. Specifically, in May and June of 2020, Defendant placed, or caused to be placed, numerous calls to Plaintiff's residential phone.

16. Plaintiff answered and said "Hello", only to hear a loud beeping noise. Approximately 5-10 seconds later, a person responded by demanding to know who pays the electric bill at Plaintiff's residence.

17. Plaintiff responded that he pays the electric bill, and asked for the name of the company calling. After hearing Defendant's name, he politely told the caller he wasn't interested.

18. Defendant then went into an aggressive sales pitch, and Plaintiff asked them to cease calling.

19. Defendant became rude and hostile, when suddenly another participant entered the call. This new caller introduced himself as a "manager", and Plaintiff again asked all parties on the call to cease all calls/contacts. The "manager" also became rude and hostile, and stated he was going to use this as a "training call" and Plaintiff had to acquiesce. Plaintiff responded that he would not use their service even if it was free, and ended the call shortly thereafter.

20. At no point in time did Plaintiff provide Defendant with his express consent to be contacted by telephone, and Plaintiff previously joined "do not call" lists.

21. Defendant's unsolicited call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, and emotional distress. Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life.

22. Further, Plaintiff alleges and avers that the impersonal and unprofessional nature of Defendant's call demonstrates that Defendant utilized an ATDS in transmitting the call.

23. Further, Plaintiff alleges and avers that the fact that Defendant displayed a local (Huntingdon Valley, Pa) "from" number on its calls evidences and intent to deceive and mislead Plaintiff.

24. Further, Plaintiff alleges and avers that Defendant had previously made multiple calls using an artificial/pre-recorded voice.

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

25. Further, Plaintiff alleges and avers that Defendant had previously made multiple calls and failed to transfer to a live sales agent more than two seconds after Plaintiff completed this greeting.

26. Further, Plaintiff alleges and avers that Defendant had previously made multiple calls and failed to disconnect unanswered telemarketing calls to Plaintiff prior to at least 15 seconds or four (4) rings.

## COUNT ONE
## THE TELEPHONE CONSUMER PROTECTION ACT (HEREAFTER "TCPA")

27. In its actions to tele-market its goods and services, Defendant violated the TCPA in one or more of the following ways:

28. Initiating telephone calls to Plaintiff's residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, in violation of 47 U.S.C. § 64.1200(a)(3).

29. Initiating telephone calls to Plaintiff and failing to transfer to a live sales agent within two seconds of Plaintiff's completed greeting, in violation of 47 U.S.C. § 64.1200(a)(7)(i);

30. Failing to disconnect unanswered telemarketing calls to Plaintiff prior to at least 15 seconds or four (4) rings, in violation of 47 U.S.C. § 64.1200(a)(6).

WHEREFORE, Plaintiff, CHARLES SCHWEITZER, respectfully prays for a judgment as follows:

31. All actual compensatory damages suffered pursuant to 47 U.S.C. § 64.1200, *et seq*;

32. Statutory damages of $500.00 for each violation of the TCPA pursuant to 47 U.S.C. §§ 64.1200(3)(B) and (C).

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

33. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 47 U.S.C. § 64.1200, *et seq*;

34. Any other relief deemed appropriate by this Honorable Court.

## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (HEREAFTER "IIED")

35. Plaintiff hereby incorporate the preceding paragraphs by reference as through fully set forth.

36. Plaintiff allege and aver that Defendant's conduct was extreme and outrageous, in that it maliciously employed intimidation and harassment, in the form of repeated and continuous phone calls to Plaintiff, to use Plaintiff as a training tool for its aggressive and hostile sales tactics ad to coerce Plaintiff into purchasing a good or service.

37. Plaintiff alleges and avers that Defendant's conduct was undertaken with the intent of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

38. Plaintiff alleges and avers that as a direct an proximate result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress which includes, but is not limited to, harassment inflicted by Defendant's employees, agents and related representatives which stemmed from Defendant's deliberate and vexatious calls and marketing tactics.

39. Plaintiff hereby demands actual, compensatory and punitive damages for these violations.

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44. Defendant's malicious conduct, when viewed from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, Defendant's conduct was willful, intentional and malicious. Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

45. Nevertheless, Defendant proceeded intentionally or with a conscious indifference to the rights, safety or welfare of others, including Plaintiffs. Therefore, Defendant is liable for exemplary/punitive damages. As punishment for Defendant's actions and to deter such actions in the future, Plaintiff is requesting exemplary/punitive damages.

**DAVIS CONSUMER LAW FIRM**

By   Fred Davis
     Attorney for Plaintiff, CHARLES SCHWEITZER
     2300 Computer Rd.-Suite G39
     Willow Grove, PA 19020
     Tel – 1-855-432-8475/Facsimile-1-855-435-9294
     Email: fdavis@usacreditlawyer.com

Case# 2020-03923-0 - JUDGE:33 Received at County of Bucks Prothonotary on 08/07/2020 1:43 PM, Fee = $258.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# VERIFICATION

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

**DAVIS CONSUMER LAW FIRM**

By    Fred Davis
Attorney for Plaintiff, CHARLES SCHWEITZER
2300 Computer Rd.-Suite G39
Willow Grove, PA 19020
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com